IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIA C. ALEXANDER, et al., | ) | CASE NO. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HONEYWELL INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Honeywell International Inc. (Honeywell), by and through undersigned counsel, hereby removes the above-captioned case from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio, Eastern Division. This Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446(b)(3). Complete diversity of citizenship exits between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice of Removal, Honeywell states as follows:

## BACKGROUND

1. Plaintiff claims she was exposed to asbestos attributable to Defendants' products which caused her to develop an asbestos-related cancer, peritoneal mesothelioma.

2. On August 25, 2016, Plaintiffs commenced this action by filing a Complaint in the Cuyahoga County Court of Common Pleas bearing Case No. CV-16- 868152 and sounding in product liability. [Exhibit A]. An Amended Complaint was filed later on October 4, 2016. [Exhibit B].

3. Among the original defendants in Plaintiffs' Complaint [Exhibit A] was (1) Eaton Corporation ("Eaton"), which, upon information and belief, is and was at the time Plaintiff commenced this action an Ohio corporation with its principal place of business in Ohio and (2) The Goodyear Tire & Rubber Company ("Goodyear"), which, upon information and belief, is and was at the time Plaintiff commenced this action an Ohio corporation with its principal place of business in Ohio. As such, complete diversity did not exist at the filing of Plaintiff's Complaint. [Exhibit A].

4. Defendants Eaton and Goodyear, along with ten (10) other defendants, were voluntarily dismissed by Plaintiff pursuant to Ohio Civ.R. 41(A) on February 21, 2017. [Exhibit C]. As of the filing of the February 21, 2017 dismissal [Exhibit C], the sole defendants in this action are (1) Honeywell International Inc. f/k/a Allied Corporation, successor to AlliedSignal Inc. and Bendix Corporation; (2) Pneumo Abex LLC; (3) Genuine Parts Company (4) Ford Motor Company; (5) and Kelsey-Hayes Company. There is now complete diversity between the parties.

5. Accordingly, this Notice of Removal is being filed within thirty (30) days after receipt by Honeywell of a copy of a paper "from which it may be first ascertained that the case…has become removable" per 28 U.S.C. § 1446(b)(3). And, per 28 U.S.C. § 1446(c)(1), this removal on diversity grounds is being removed less than one year from the filing of Plaintiff's Complaint.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

6. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs. "A court must not dismiss an action for failure to meet the amount in controversy requirement unless it appears to a legal certainty that the claim is really for less than

the jurisdictional amount." *FirstEnergy Solutions Corp. v. Flerick*, 521 Fed.Appx. 521, 525 (6th Cir. 2013) (citations and quotations omitted).

7. Plaintiff seeks damages for developing an asbestos-related cancer, peritoneal mesothelioma, and alleges she sustained "permanent injuries to her person and body, lungs, respiratory and cardiovascular system" and "suffered great physical, mental, and nervous pain and suffering, mental anguish; suffered from reasonable and justifiable fears of progressive and irreversible incapacity and inability to carry on her usual functions; increasing discomfort; cancer; shortened life-span; impairment to her quality of life [and] disfigurement" Cmpl. Paragraphs 8, 9 [Exhibit B]. Plaintiff claims punitive damages in addition to compensatory damages. Cmpl. Count VI [Exhibit B].

8. It is apparent on the face of the Complaint that the amount in controversy is in excess of $75,000, exclusive of costs and interest. *See Lucas v. Springhill Hospitals, Inc.*, 2009 WL 1652155, at *3 (N.D. Ohio June 11, 2009) (amount in controversy requirement met despite the fact that no amount alleged, where plaintiffs sought damages after allegedly defective product let to "severe pain, mental anguish, emotional pain and suffering [and] medical expenses"); *Monvoy v. Continental Airlines*, 2009 WL 1687929, at *4 (S.D. Ohio June 12, 2009) (Plaintiffs' Complaint satisfied the amount in controversy requirement by alleging permanent physical injury, great pain and emotional suffering, and past and future medical expenses).

## DIVERSITY OF CITIZENSHIP EXISTS

9. At the time this action was commenced, and upon information and belief, currently, Plaintiff is a citizen of Ohio. [Exhibit A].

10. Defendant Honeywell International Inc. f/k/a Allied Corporation, successor to AlliedSignal Inc. and Bendix Corporation ("Honeywell") is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey. Honeywell is therefore a citizen of Delaware and New Jersey for the purpose of determining diversity. *See* 28 U.S.C.§ 1332(c)(1).

11. Upon information and belief, Pneumo Abex LLC is a Delaware limited liability company whose sole member is the Pneumo Abex Asbestos Claims Settlement Trust (a Delaware statutory trust). For purposes of citizenship, the trustees of the Pneumo Abex Asbestos Claims Settlement Trust are residents of South Carolina, Pennsylvania, and Delaware. The principal place of business for Pneumo Abex LLC is Spring, TX. Abex is therefore a citizen of Delaware, Texas, South Carolina, and Pennsylvania for the purpose of determining diversity. *See* 28 U.S.C. § 1332(c)(1); 28 U.S.C.§ 1332(d)(10); *Willacy v. Marotta*, 2014 WL 7338770 (N.D. Ohio Dec. 22, 2014).

12. Upon information and belief, Defendant Genuine Parts Company ("GPC") is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Georgia with is principal place of business in Georgia. GPC is therefore a citizen of Georgia for the purpose of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

13. Upon information and belief, Defendant Ford Motor Company ("Ford") is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. Ford is therefore a citizen of Delaware and Michigan for the purpose of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

14. Upon information and belief, Defendant Kelsey-Hayes Company is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of

Delaware with its principal place of business in Michigan. Kelsey-Hayes Co. is therefore a citizen of Delaware and Michigan for the purpose of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

15. As Plaintiff is a citizen of Ohio and none of the Defendants are citizens of Ohio, diversity of citizenship exits under 28 U.S.C. §§ 1332 and 1441(b).

## PROCEDURAL REQUIREMENTS

16. For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332. This case may be removed to this Court pursuant to 28 U.S.C. § 1446(b)(3).

17. The Cuyahoga County Court of Common Pleas is located within the Northern District of Ohio, Eastern Division. 28 U.S.C. §§ 115. Venue is thus proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

18. As required by 28 U.S.C. § 1446(a), Honeywell attaches a copy of all process, pleadings, and orders served in the action. [Exhibit D].

19. This Notice of Removal is being filed within thirty (30) days after receipt by Honeywell, of a copy of a paper "from which it may be first ascertained that the case…has become removable" per 28 U.S.C. § 1446(b)(3), and is therefore, timely. In addition, this removal on diversity grounds is being removed less than one year from the filing of Plaintiff's Complaint, which was filed on or around August 25, 2016 and is therefore timely per 28 U.S.C. §1446(c)(1).

20. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and all counsel of record, and a copy is being filed with the Cuyahoga County Court of Common Pleas.

21. Defendant Abex consents to this removal. [Exhibit E].

22. Defendant GPC consents to this removal. [Exhibit F].

24. Defendant Ford consents to removal. [Exhibit G].

24. Defendant Kelsey-Hayes Co. consents to this removal. [Exhibit H].

WHEREFORE, Honeywell International Inc. gives notice that the civil action docketed CV-16- 868152 in the Cuyahoga County Court of Common Pleas is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3).

Respectfully submitted,

*/s/Joseph D. Silvaggio*
Joseph D. Silvaggio, Esquire
Ohio ID# 0074419
Counsel for Defendant,
Honeywell International Inc.

Willman & Silvaggio, LLP
5500 Corporate Drive, Suite 150
Pittsburgh, PA15237
412-366-3333
412-366-3462 (Fax)
jsilvaggio@willmanlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017, a copy of the foregoing *NOTICE OF REMOVAL* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may also access this filing through the Court's system. A copy was also served electronically through the filing of the foregoing on the Cuyahoga County Court of Common Pleas docket.

Respectfully submitted,

*/s/Joseph D. Silvaggio*
Joseph D. Silvaggio, Esquire
Ohio ID# 0074419
Counsel for Defendant,
Honeywell International Inc.

Willman & Silvaggio, LLP
5500 Corporate Drive, Suite 150
Pittsburgh, PA 15237
412-366-3333
412-366-3462 (Fax)
jsilvaggio@willmanlaw.com