# EXHIBIT A

Case: 1:17-cv-00504-DCN Doc #: 1-1 Filed: 03/13/17 2 of 18. PageID #: 9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| JULIA ALEXANDER<br>5612 Childs Avenue<br>Cincinnati, Ohio 45248<br><br>and<br><br>KENNETH ALEXANDER<br>5612 Childs Avenue<br>Cincinnati, Ohio 45248<br><br>and<br><br>ADAM ALEXANDER<br>5612 Childs Avenue<br>Cincinnati, Ohio 45248<br><br>and<br><br>KENNETH & JULIA ALEXANDER<br>as legal guardians and on behalf of their<br>minor child, SEAN ALEXANDER<br>5612 Childs Avenue<br>Cincinnati, Ohio 45248<br><br>      Plaintiffs<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC.<br>f/k/a Allied Corporation, Successor to<br>Allied Signal, Inc. and Bendix Corporation<br>c/o CSC-Lawyers Incorporating Service<br>50 W. Broad Street, Suite 1800<br>Columbus, OH  43215<br><br>FORD MOTOR COMPANY and its<br>Motorcraft Division<br>c/o C.T. Corporation System<br>1300 East Ninth Street, Suite 1010<br>Cleveland, OH  44114 | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br>**COMPLAINT**<br>(Asbestos Docket)<br><br>JURY TRIAL DEMANDED |

GENUINE PARTS COMPANY )
c/o Grant Norris, S.A. )
2665 West Dublin Granville Road )
Columbus, OH 43235 )
)
KELSEY-HAYES COMPANY )
c/o CSC-Lawyers Incorporating Service )
50 W. Broad Street, Suite 1800 )
Columbus, OH 43215 )
)
PNEUMO ABEX CORPORATION )
successor in interest to Abex Corporation )
and American Brake and Block Company )
c/o Prentice Hall Corp. )
50 West Broad Street, Suite 1800 )
Columbus, OH 43215 )
)
ARVINMERITOR, INC. )
Successor in Interest to Maremont )
Corporation )
2135 West Maple Road )
Troy, MI 48084 )
)
BORG-WARNER CORPORATION )
A Delaware Corporation )
Successor in Interest to )
BorgWarner Morse TEC Inc. )
3850 Hamlin Road )
Auburn Hills, MI 48326 )
)
EATON CORPORATION, Individually and )
As Successor in Interest and/or liability )
to Cutler-Hammer Inc., )
n/k/a Eaton Electrical, Inc. )
c/o C.T. Corporation System, S.A. )
1300 East Ninth Street, Suite 1010 )
Cleveland, OH 44114 )
)
THE GOODYEAR TIRE & RUBBER )
   COMPANY )
c/o CSC-Lawyers Incorporating Service )
50 W. Broad Street, Suite 1800 )
Columbus, OH 43215 )
)

| | |
|---|---|
| UNIROYAL, INC.<br>f/k/a Goodrich Tire Co.<br>f/k/a Uniroyal Goodrich Tire Co.<br>f/k/a/ United States Rubber Co.<br>70 Great Hill Road<br>Naugatuck, CT 06770 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| DANA CORPORATION<br>c/o C.T. Corporation System<br>1300 East Ninth Street, Suite 1010<br>Cleveland, OH 44114 | )<br>)<br>)<br>)<br>) |
| ROCKWELL AUTOMATION, INC.<br>c/o C.T. Corporation System<br>350 N. St. Paul Street, Suite 2900<br>Dallas, Texas 75201 | )<br>)<br>)<br>)<br>) |
| BRIDGESTONE AMERICAS, INC.<br>f/k/a BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC<br>c/o National Registered Agents, Inc.<br>1300 East Ninth Street<br>Cleveland, OH 44114 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| MORTON INTERNATIONAL, INC.<br>c/o C.T. Corporation System<br>1300 East Ninth Street, Suite 1010<br>Cleveland, OH 44114 | )<br>)<br>)<br>)<br>) |
| TENNECO AUTOMOTIVE OPERATING<br>   INC.<br>c/o C.T. Corporation System<br>1300 East Ninth Street, Suite 1010<br>Cleveland, OH 44114 | )<br>)<br>)<br>)<br>)<br>) |
| PERFECTION HY-TEST COMPANY<br>CSC Lawyers Incorp Services<br>50 West Broad Street, Suite 1800<br>Columbus, OH 43215 | )<br>)<br>)<br>)<br>) |
| JOHN DOES 1-100<br>Manufacturers, Sellers or Installers<br>Of Asbestos-Containing Products | )<br>)<br>)<br>) |
|             Defendants. | ) |

1.  The Plaintiffs identified in the caption of the Complaint (herein after collectively referred to as Plaintiffs) are residents of the State of Ohio. Plaintiffs Julia Alexander and Kenneth Alexander are married and the parents and legal guardians of Sean Alexander. Adam Alexander is also their son but he is emancipated.

2.  Defendants are entities organized and existing under the laws of the State of Ohio, or of some other state of the United States of America, or of some foreign jurisdiction, and that said Defendants are conducting and have regularly conducted business in the State of Ohio. Each Defendant manufactured, supplied, distributed and/or used asbestos in the State of Ohio, or other states in such a manner that caused injury to Plaintiff.

3.  The real names and addresses of Defendants John Does 1-100 manufacturers, sellers or installers of asbestos-containing products have not been determined, despite reasonable efforts of the Plaintiff to do so.

4.  Defendants, all times relevant and pertinent hereto, were engaged in the business of mining, milling, manufacturing, marketing, fabricating, designing, formulating, producing, creating, making, constructing, assembling and/or rebuilding asbestos-containing products or components thereof; and/or selling, distributing, preparing, blending, packaging, labeling and/or otherwise participated in placing asbestos-containing products in the stream of commerce to which Plaintiff was exposed during his employment.

5.  Defendants, acting through their servants, employees, agents and representatives, caused asbestos and asbestos-containing materials to be placed in the stream of interstate commerce.

6. During the course of Plaintiff Julie Alexander's lifetime, she was exposed to the Defendants' asbestos and asbestos-containing materials, by virtue of being around them and by being in close proximity to an individual that was working with or around asbestos and asbestos-containing materials, and said exposures were substantial factors which directly and proximately caused her to develop mesothelioma.

7. As a direct and proximate result of the Defendants' conduct, Plaintiff Julia Alexander has incurred medical, hospital, professional, and other expenses, and has been prevented from attending to his usual activities.

8. As a direct and proximate result of the Defendants' conduct, Plaintiff Julia Alexander further will/has sustained permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system and/or permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities.

9. As a direct and proximate result of the Defendants' conduct, Plaintiff Julia Alexander sustained permanent injuries to his person and body, lungs, respiratory and cardiovascular system; suffered great physical, mental, and nervous pain and suffering, mental anguish; suffered from reasonable and justifiable fears of progressive and irreversible incapacity and inability to carry on his usual functions; increasing discomfort; cancer; shortened life-span; impairment to her quality of life; disfigurement; and any other intangible loss.

### FIRST CAUSE OF ACTION
### (NEGLIGENCE)

10. Plaintiffs re-allege and incorporate each and every paragraph set forth above, as

though fully set forth herein.

11. Defendants had a duty to remain reasonably current with scientific knowledge, development, research and discoveries concerning their products. The manufacturer must communicate its superior knowledge to those who, because of their own limited knowledge and information, would otherwise be unable to protect themselves.

12. Defendants, individually and as a group since the early 1900's have been in possession of medical and scientific data which clearly indicates that their asbestos fibers and asbestos-containing products are hazardous to health; and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and intentionally failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, including plaintiff, of said medical and scientific data, and therefore deprived plaintiff of the opportunity of free choice as to whether or not to expose himself to the asbestos and asbestos-containing products of said defendants; and further, willfully, intentionally and wantonly failed to warn plaintiff of the serious bodily harm which would result from the inhalation of the asbestos fibers and the dust from their asbestos-containing products.

13. The illness and disability of Plaintiff Julia Alexander is the direct and proximate result of the negligence of the defendants in that they produced, sold or otherwise put into the stream of interstate commerce, asbestos and asbestos-containing materials, which the defendants knew or in the exercise of ordinary care, ought to have known were deleterious, poisonous, and highly harmful to Plaintiff's health.

14. The illness and disability of Plaintiff Julia Alexander is permanent and is the direct and proximate result of the negligence of the Defendants in that even though the Defendants knew or

in the exercise of ordinary care, should have known that their asbestos and asbestos-containing materials were deleterious, poisonous and highly harmful to plaintiff's health, and that he would not know of such dangers to his health, the Defendants nonetheless:

    (a)    Failed to advise Plaintiff Julia Alexander of the dangerous characteristics of their asbestos and asbestos-containing products;

    (b)    Failed or omitted to provide Plaintiff Julia Alexander with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any to protect them from being poisoned and disabled as they were, by exposure to such deleterious and harmful asbestos and asbestos-containing materials;

    (c)    Failed and omitted to place any warnings and instructions on their containers of said asbestos and asbestos-containing materials to warn the handlers thereof of the dangers to health in coming into contact with said asbestos and asbestos-containing materials;

    (d)    Failed and omitted to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-containing materials.

15.    As a direct and proximate result of the Defendants' negligence, Plaintiffs have been permanently injured and incurred damages.

## SECOND CAUSE OF ACTION
## (STRICT LIABILITY)

16.    Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth herein.

17. Plaintiffs state there was, in fact, a defect in the asbestos-containing products manufactured, sold, distributed, marketed, supplied, advertised, designed, developed, labeled, researched, and/or installed by the Defendants.

18. Plaintiffs state that the aforementioned defect(s) was/is dangerous to the health and well being of the Plaintiff and others exposed to such products and that such defect existed at the time the products left the Defendants' hands.

19. Plaintiffs state that the aforementioned defect(s) was/is dangerous to the health and well being of Plaintiff and others exposed to such products and that such defect was the direct and proximate cause of Plaintiff's injuries and/or losses as described above.

20. Defendants researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, modified, used, serviced, installed, and/or sold to the public, Plaintiff's employers, and/or to others working in the vicinity of Plaintiff, asbestos and asbestos-containing products, and Defendants knew that these products would be used and handled by Plaintiff and others similarly situated without any knowledge of their defects and inherent danger, and without any inspection for defects and dangers.

21. Plaintiff, in the course and scope of her employment and/or otherwise, used, handled, and was otherwise exposed to asbestos and asbestos-containing products, sold or otherwise supplied by Defendants, without receiving any warnings or instructions from Defendants of the defects and inherent dangers of the products.

22. The products which were sold and/or supplied by Defendants, and to which Plaintiff Julia Alexander was exposed, were defective and unsafe for their intended uses and purposes in that they were more dangerous than what an ordinary consumer or user would expect and the risks incident to the use of the products outweighed any benefits of the products' utility.

23. As a direct and proximate result of the defective condition of these products, Plaintiffs have been permanently injured and incurred damages.

### THIRD CAUSE OF ACTION
### (BREACH OF EXPRESS WARRANTY)

24. Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth herein.

25. Defendants expressly warranted the asbestos products and/or asbestos-containing products they manufactured, sold, or supplied, and to which Plaintiff was exposed, were reasonably fit for their intended uses without endangering human life and safety.

26. Defendants breached these express warranties, in that their asbestos products and asbestos-containing products were defective and dangerous to reasonably foreseeable users like Plaintiff who was exposed to these products.

27. Plaintiffs did rely upon the express warranties and representations of Defendants regarding the fitness and safety of their products, and as a result, used, handled, and were otherwise exposed to these products.

28. As a direct and proximate result of the Defendants' breach of their express warranties, Plaintiffs were permanently injured and incurred damage.

### FOURTH CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY)

29. Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth here.

30. Defendants impliedly warranted that the asbestos products and asbestos-containing products they sold or supplied, and to which Plaintiff Julia Alexander was exposed, were of

merchantable quality, reasonably safe, and reasonably fit for use in a work place environment for the particular purposes for which they were sold or supplied, without endangering human life and safety.

31. Defendants breached these implied warranties of merchantability, safety, and fitness for a particular purpose because Defendants' asbestos products and/or asbestos-containing products were defective and dangerous to reasonably foreseeable users and consumers like Plaintiff.

32. Plaintiff did rely upon Defendants' implied warranties and representations regarding their asbestos products and/or asbestos-containing products, and as a result used, handled, and were otherwise exposed to these products.

33. As a direct and proximate result of Defendants' breach of implied warranties, Plaintiffs were and are permanently injured and incurred damages.

### FIFTH CAUSE OF ACTION
### (STATUTORY PRODUCTS LIABILITY)

34. Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth here.

35. Plaintiffs bring this claim for relief against Defendants for product liability under Ohio Revised Code § 2307.71, et seq. At all times relevant and pertinent hereto Defendants were "manufacturers" and/or "suppliers" of asbestos and asbestos as those terms are defined under Ohio Revised Code §2307.71.

36. "The Products" as manufactured and/or supplied by the aforementioned Defendants were defective in manufacture and construction as described in Ohio Revised Code §2307.73; were defective in design or formulation as described in Ohio Revised Code §2307.75; were defective due

to inadequate warnings and instructions as described in Ohio Revised Code §2307.76; and were defective because they did not conform to representations made by their manufacturers and suppliers as described in Ohio Revised Code §2307.77.

37. Each of the defective conditions of "the Products" as described above, pursuant to Ohio Revised Code §2307.73, were a proximate cause of the harm for which Plaintiffs seek to recover compensatory damages as previously set forth. Furthermore, each of the aforementioned Defendants who acted as suppliers are liable in that capacity and as if they were the manufacturers in accordance with Ohio Revised Code §2307.78.

38. As a direct and proximate result of Defendants' defective products, Plaintiffs were permanently injured and incurred damages.

## SIXTH CAUSE OF ACTION
### (PUNITIVE DAMAGES)

39. Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth here.

40. Plaintiffs are informed and believe that Defendants and their predecessors in interest researched, tested, manufactured, labeled, marketed, used, distributed, and sold their asbestos and asbestos-containing products with conscious disregard for the safety of Plaintiffs and other users of said products, in that said Defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to their products or products on their premises, including but not limited to lung cancer, mesothelioma, other forms of cancer, and asbestosis. Said knowledge was obtained, in part, from scientific studies and medical data to which Defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of Defendants, and

11

which knowledge was obtained by Defendants during the time they manufactured, distributed, used, or sold their products.

41. During the time Defendants manufactured, distributed, used, or sold their products, Defendants were aware that Plaintiff and other members of the general public who would use or be exposed to their products had no knowledge or information that the products could cause injury. Further, Defendants knew that Plaintiff and the general public who used or were exposed to these products would, and in fact did assume their exposure to the products was safe, when in fact it was extremely hazardous to human life.

42. Despite this knowledge, Defendants opted to manufacture, distribute, use, and sell asbestos and asbestos-containing products without protecting and/or warning and/or instructing Plaintiff and other users of the high risk of injury and death that resulted from exposure to these asbestos and asbestos-containing products. Rather than protecting and/or warning and/or instructing Plaintiff and other users of these dangers, Defendants actively concealed their knowledge from Plaintiff, Plaintiff's employers, and members of the general public. By their acts and/or omissions, Defendants implied their asbestos and asbestos-containing products were safe for all reasonably foreseeable use. Defendants' implications were particularly egregious because they were aware the implied representations were false. Defendants' conduct exemplifies their conscious disregard of the rights and safety of Plaintiff and the general public as a whole that has a great probability of causing substantial harm.

43. Defendants were motivated by their financial interests in the uninterrupted distribution, use, and marketing of their asbestos and asbestos-containing products. In furtherance of this financial motivation, Defendants consciously disregarded the safety of Plaintiff and other users of their asbestos and asbestos-containing products, and were willing to permit their asbestos and

asbestos-containing products to cause injury to Plaintiff, and other frequenters, users, and bystanders.

44. Defendants' conduct constitutes actual malice with a state of mind that is characterized by hatred, ill will or a spirit of revenge. Defendants also demonstrated a conscious disregard for the rights and safety of Plaintiff and other users of their asbestos and asbestos-containing products that has a great probability of causing substantial harm. Therefore, Plaintiffs seek punitive damages to punish and deter Defendants and others from the future commission of like offenses and wrongs.

45. As a direct and proximate result of Defendants' conduct, Plaintiffs were permanently injured and incurred damages.

## SEVENTH CAUSE OF ACTION
## (CONSPIRACY)

46. Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth here.

47. At all relevant times, the Defendants, having the duty imposed by law, or having assumed the duty, to exercise reasonable care for the safety of the Plaintiff and similarly situated persons, acted in concert and conspired in pursuance of a common plan or design to commit the tortious acts alleged herein against Plaintiff.

48. Defendants combined with each other, and with non-defendants, to engage in unlawful and / or tortious conduct. In furtherance of the conspiracy, the Defendants, with knowledge of dangers of exposure to asbestos and asbestos-containing products and with deliberate intent to conceal or misrepresent these dangers known to defendants, committed the following overt and tortious acts:

13

  a. fraudulently concealed, misrepresented, and suppressed material scientific and medical information about the toxic and deadly effects of asbestos;

  b. deliberately failed to adequately warn persons in proximity of asbestos of the known health hazards associated with exposure to asbestos and asbestos-containing products;

  c. deliberately breached their duty to instruct about proper ventilation, safety equipment, and/or any other precautionary measures which may have protected against the health hazards of asbestos;

  d. deliberately breached their duty to investigate the health hazards of exposure to asbestos and asbestos-containing products;

  e. sold asbestos products in a defective condition without necessary warnings of the catastrophic health hazards or instructions concerning precautionary measures; and

  f. avoided the results of the scrutiny of governmental and safety organizations that would have occurred had Defendants not concealed the true nature and extent of the dangers of their asbestos-containing products.

49. The Defendants knowingly agreed to participate in the conspiracy by one or more of the following means:

  a. actively taking part;

  b. furthering it by cooperation; and/or

  c. ratifying and adopting acts of other conspirators done for their benefit.

50. The Defendants participated in furthering the unlawful purposes of the conspiracy by delegating responsibilities to and carrying these out through the trade association committees.

51. Upon information and belief, the Defendants committed numerous other overt and tortious acts that are unknown to Plaintiff at this time, in furtherance of the conspiracy through letters, memoranda, publications, meetings, telephone conversations, and other forms of communication directly between the Defendants and through the trade organization committees.

52. Plaintiff reasonably relied on Defendants' misrepresentations and failures to warn alleged above; but for Defendants' misrepresentation and failure to warn, Plaintiff would not have been exposed to asbestos-containing products. As a direct and proximate result of the Defendants' conspiratorial acts, the Plaintiff was exposed to asbestos and asbestos-containing products, and developed an asbestos-related disease.

### EIGHTH CAUSE OF ACTION
### (LOSS OF CONSORTIUM)

53. Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth here.

54. Plaintiffs have suffered a loss of consortium and have been deprived of the society, companionship, comfort, love, solace, and assistance of Julia Alexander who was exposed to asbestos or asbestos containing products as described above, and further that said loss is the direct and proximate result of the acts and/or omissions of the Defendants as described above.

55. As a direct and proximate result of Defendants' conduct, Kathleen Schwartz was permanently injured and Plaintiffs have incurred damages.

WHEREFORE, plaintiff demands judgment against the defendants jointly and severally in excess of Twenty-Five Thousand Dollars ($25,000.00) and an amount for punitive damages, costs, expenses, and attorneys' fees in this action.

A trial by jury is hereby demanded to determine all issues.

                Respectfully submitted,

                KELLEY & FERRARO, LLP

By:   Electronically Filed   *BRH*
      JAMES L. FERRARO (0076089)
      JOHN MARTIN MURPHY (0066221)
      SHAWN M. ACTON (0072675)
      BRIAN R. HERBERTH (0081985)
      2200 Key Tower
      127 Public Square
      Cleveland, Ohio 44114
      (216) 575-0777
      Counsel for Plaintiffs