IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIA C. ALEXANDER, et al., | ) | CASE NO. 1:17 CV 504 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| HONEYWELL INTERNATIONAL, INC., *et al.*, | ) | |
| Defendant. | ) | <u>MEMORANDUM OPINION AND ORDER</u> |

This matter is before the Court on Defendant, Honeywell International, Inc.'s Motion For Summary Judgment Based on Lack of Product Identification. (ECF #55). Plaintiffs have filed an Opposition, and Defendant filed a Reply in support of its motion. (ECF # 59, 62). The issues are now fully briefed and the motions are ready for disposition.

**Facts**[1]

Plaintiff, Julia C. Alexander, was diagnosed with peritoneal mesothelioma in May of 2016. She alleges that she contracted this disease through exposure to the asbestos contained in Bendix brake products which were manufactured by the Defendant, Honeywell International, Inc. ("Honeywell"). She contends that she was exposed to asbestos containing dust when visiting her boyfriend/fiancé, Mr. Schweinberg, who worked as an automobile mechanic. Ms. Alexander testified that she visited him at work approximately two to three times a week, for four hours each visit, from 1987 through 1991. Throughout this period, Ms. Alexander alleges that she observed Mr. Schweinberg performed brake work on a variety of vehicles1 to 3 times a week.

The garage where the brake work took place was only large enough to fit one van at a time. There was no ventilation system in the garage, and no vacuum system on the grinder. Ms. Alexander alleges that she was in close proximity to the work at all times, sitting less than five feet away from Mr. Schweinberg as he worked. She did not wear any protective clothing or breathing protection equipment.

When working on brakes, Mr. Schweinberg would use a hammer to loosen dust and dirt, and blow the brakes with compressed air to clean them off for inspection. When changing brakes he use a grinder, and an air compressor to prepare the new brakes for installation. This work created dust with flying particles that came from the brakes. The dust was further spread when he would use the air compressor to clean off the floor after he finished a job.

---

[1] The factual summary is based upon the parties' statements of facts. Those material facts which are controverted and supported by deposition testimony, affidavit, or other evidence are noted to be in dispute and will be accepted in the light most favorable to the Plaintiff, the non-moving party, for purposes of this motion.

Ms. Alexander could not recall the make and model of any of the vehicles that Mr. Schweinberg serviced, could not estimate how many new brakes he installed during that period, and could not recall any markings or writing on the brakes he inspected or removed for replacement. She did testify, however, that Mr. Schweinberg only used Bendix brakes when working at this location. She was able to describe the Bendix brake box, and remembered some identifying language on the boxes. She also identified the Bendix brake box presented at her deposition as the same box she would see at Mr. Schweinberg's workplace. The box she identified indicates that theses Bendix brakes contained asbestos.

## **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing prior FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). A party asserting that a fact is genuinely disputed must cite "to particular parts of materials in the record" or show "that the [admissible] materials cited [by the other party] do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c).

FED. R. CIV. P. 56(e) states:

-4-

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may... consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it. . .

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(c) also has certain, more specific requirements:

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Wiley* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist

-5-

unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## **Analysis**

The Ohio Revised Code, Section 2307.96(B) sets forth the applicable burden of proof that must be met by plaintiffs bringing tort claims for asbestos exposure. In relevant part, Section 2307.96(B) states:

> A plaintiff in a tort action who alleges any injury or loss to person resulting from exposure to asbestos has the burden of proving that the plaintiff was exposed to asbestos that was manufactured, supplied, installed, or used by the defendant in the action and that the plaintiff's exposure to the defendant's asbestos was a substantial factor in causing the plaintiff's loss or injury. In determining whether exposure to a particular defendant's asbestos was a substantial factor in causing the plaintiff's injury or loss, the trier of fact in the action shall consider, without limitation, all of the following:
>
> (1) The manner in which the plaintiff was exposed to the defendant's asbestos;
>
> (2) The proximity of the defendant's asbestos to the plaintiff when the exposure to the defendant's asbestos occurred;
>
> (3) The frequency and length of the plaintiff's exposure to the defendant's asbestos; and
>
> (4) Any factors that mitigated or enhanced the plaintiff's exposure to asbestos.

"Where specific evidence of frequency of exposure, proximity and length of exposure to a particular

defendant's asbestos is lacking, summary judgment is appropriate in tort actions involving asbestos because such a plaintiff lacks any evidence of an essential element necessary to prevail." O. R. C. §2307.96. Prior to the enactment of this section of the statute, the Ohio Supreme Court had defined "substantial factor" in connection with asbestos exposure cases as a factor "having such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, rather than in the so-called "philosophical sense" which includes every one of the great number of events without which any happening would not have occurred." *Horton v. Harwick Chemical Corp.*, 73 Ohio St. 3d 679 (1995)(quoting Restatement of Law 2D, Torts (1965) Section 431).

Honeywell has sought dismissal of the claims against them alleging that Plaintiffs cannot show that exposure to Bendix brakes was a substantial factor in causing their injuries. Honeywell acknowledges that Ms. Alexander testified she could recall Mr. Schweinberg installing Bendix brakes while she was present. It also acknowledges her testimony that when installing new brakes, Mr. Schweinberg would grind, and would use compressed air to blow out the brakes when inspecting or preparing them for installation. Nonetheless, it argues that because she did not articulate a specific number of Bendix brakes that Mr. Schweinberg installed in her presence, could not testify how long he spent grinding each brake, or exactly how many times he used compressed air to blow out brakes between 1987 and 1991, Ms. Alexander cannot prove the frequency or length of her exposure. Honeywell, therefore, argues that she cannot satisfy the substantial factor test set forth in O. R. C. §2307.96.

Although there may be some imprecise and even conflicting testimony in the record of this case, Plaintiffs have presented sufficient evidence upon which a jury could find that asbestos-containing

Bendix brake products were a substantial factor in Ms. Alexander's injury, if they find her testimony to be credible. Ms. Alexander testified that she was present and in close proximity to Mr. Steinberg as he performed approximately 1-3 brake jobs per week over a period of about four years. She testified that these jobs, whether they were inspection/maintenance jobs or brake replacement jobs created airborne dust through the use of a hammer, compressed air to clean the brakes, and a grinder to prepare new brakes for installation. Ms. Alexander also testified that Mr. Steinberg installed only Bendix brakes. Although she could not specifically identify the brand of brakes he services on vehicles that had brakes installed elsewhere, she did testify that Mr. Steinberg performed inspections and maintenance on the brakes he installed.

The jobs took place inside in a small garage, just big enough to hold a single van. She was also present when Mr. Steinberg used compressed air to clean the floor of the garage, allegedly sending more even more dust airborne. There was no ventilation or breathing protection available at the site. Ms. Alexander testified that the dust was visible in the air and that she breathed it in. Plaintiffs have also provided expert testimony indicating that Ms. Alexander would have been exposed to the dust not only when Mr. Steinberg was actually working on brakes, but anytime she was in the garage, because asbestos fiber released into the air can linger for many hours and days. She claims that she was in the garage for 3 to 4 hours a night, 3 to 4 times a week.

Ms. Alexander's testimony identifies Honeywell's product, and provides sufficient evidence for a jury to determine the manner, proximity, frequency, length of exposure, and enhancing factors relevant to a determination as to whether Bendix brakes were a substantial factor in her contraction of mesothelioma. Honeywell has pointed to some evidence that may support its own position and be useful in cross-examination at trial, but this only shows the existence of a question of material fact

which precludes summary judgment in either party's favor..

## **Conclusion**

For the reasons set forth above, Defendant Honeywell's request for Summary Judgment based on Plaintiffs' alleged failure to establish that Bendix products were a substantial factor in causing Plaintiffs' injuries is DENIED. (ECF #55). Plaintiffs' Motion to Amend the Order Allowing Defendant Honeywell International, Inc. Ninety Days After the Court's Ruling on Summary Judgment to Produce Expert Reports (ECF #63) is also DENIED. Defendant's expert reports are due on March 13, 2018. The previously scheduled status conference remains set for February 27, 2018 at 11:00 a.m.. IT IS SO ORDERED.

       /s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

DATED:   December 13, 2017