IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JULIA C. ALEXANDER, *et al.*, | ) CASE NO.: 1:17 CV 504 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| HONEYWELL INTERNATIONAL, INC., *et al.*, | ) |
| Defendants. | ) MEMORANDUM OPINION |
| | ) AND ORDER |

This matter is before the Court on Defendant, Honeywell International Inc.'s ("Honeywell" or "Defendant") Motion for Judgment on the Pleadings Regarding Plaintiffs' Common Law Causes of Action. (ECF #93). Plaintiffs filed an Opposition to the Motion, and Honeywell filed a Reply in support of its position. (ECF #113, 122). After careful consideration of the briefs and a review of all relevant authority, Defendants' Motion to Dismiss is GRANTED.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard applicable to the Motion to Dismiss under Fed. R. Civ. P.

12(b)(6). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

Further, a complaint must provide fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This requires more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In other words,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see also, Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

## ANALYSIS

Defendant seeks to have Plaintiffs' common law causes of action, specifically Counts one through four and Count seven, dismissed as prohibited actions under the Ohio Product Liability Act, Ohio Revised Code §2307.71(B). This section of the O.R.C. specifically states that "[s]ections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law

product liability claims or causes of action." O.R.C. §2307.71(B). Section 2307.71(A)(13) defines a product liability claim as a

> claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product
>
> (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>
> (c) Any failure of that product to conform to any relevant representation or warranty.

O.R.C. §2307.71(A)(13).

The Sixth Circuit, and a multitude of district courts within the circuit have expressly held that Ohio's Product Liability Act preempts common law product liability claims. *See, e.g., Tompin v. American Brands*, 219 F.3d 566, 575 (6th Cir. 2000); *Coffey v. Smith & Wesson Corp.*, No. 5:10 CV 10286, 2011 WL 94617, *3 (N.D. Ohio Jan. 11, 2011). All of Plaintiffs abovelisted common law causes of action seek recovery of compensatory damages for physical injury and emotional distress caused to the Plaintiff arising from Honeywell's manufacture and marketing of asbestos-containing brake products; and, its alleged failure to properly inform the public of the dangers associated with that product or to ensure conformity to any relevant representations or express or implied warranties. These common law claims fall directly within the definition of product liability claims that are abrogated by the Ohio Product Liability Act.

Plaintiffs argue that because asbestos qualifies as a "hazardous or toxic substance" under

O.R.C. § 2307.71(8), section 2307.71(B) does not apply. Rather, they contend that O.R.C. § 2307.72 is the more relevant provision. Section 2307.72 states the Ohio Product Liability Act does

> not supercede, modify, or otherwise affect any statute, regulation, or rule of this state or of the United States, or the common law of this state or of the United States, that relates to liability in compensatory damages or punitive or exemplary damages for injury, death, or loss to person or property, or to relief in the form of the abatement of a nuisance, civil penalties, cleanup costs, cost recovery, an injunction or temporary restraining order, or restitution, that arises, in whole or in part, from contamination or pollution of the environment or a threat or contamination or pollution of the environment, including contamination or pollution or a threat of contamination or pollution from hazardous or toxic substances.

O.R.C. § 2307.72.

Their brief argues that "Plaintiffs allege personal injury to Julia Alexander from exposure to Defendant's asbestos-containing products which contaminated and polluted Julia Alexander's breathing zone." (ECF #113). The Amended Complaint, however, does not allege that Honeywell is liable for pollution or contamination of the environment. The Amended Complaint alleges only that Honeywell is liable under various product liability theories, which are expressly abrogated by O.R.C. §2307.71(B). Plaintiffs do not cite any decisions by any other courts that have applied this section to a case against the manufacturer of asbestos or any other hazardous substance. They do not allege that Honeywell released the asbestos from the brakes into Ms. Alexander's breathing zone, nor do they explain how manufacturing brake products containing asbestos (the only activity Honeywell is alleged to have engaged in) is sufficient to create liability under a theory of environmental pollution or contamination. For these reasons, the Court finds that O.R.C. § 2307.72 does not apply to any of the claims set forth in the Amended Complaint,

and O.R.C. §2307.71(B) precludes the Plaintiffs from maintaining any of the common law products liability claims set forth in the Amended Complaint.

## CONCLUSION

For the reasons set forth above, Defendant, Honeywell International Inc.'s Motion for Judgment on the Pleadings Regarding Plaintiffs' Common Law Causes of Action, (ECF #93), is GRANTED. Counts one, two, three, four, and seven of the Amended Complaint are hereby dismissed. IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: September 6, 2018