UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIA ALEXANDER, et al., | ) | CASE NO. 1:17 CV 504 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGMENT |
| HONEYWELL INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The above-captioned case came before this Court for a trial by jury. At the conclusion of the trial, the Jury returned a unanimous Answer to Interrogatory One finding that Plaintiffs did not prove by a preponderance of the evidence that Julia Alexander's peritoneal mesothelioma and/or colorectal cancer were caused by her exposure to asbestos.

Plaintiffs Julia Alexander and her husband and children brought this action against Honeywell, and other defendants since dismissed, alleging several causes of action based upon Julia Alexander's exposure to asbestos containing materials manufactured by defendant and consequent development of peritoneal mesothelioma and/or colorectal cancer. After motions were resolved, the case continued to trial on Plaintiffs' claims for Statutory Products Liability under Ohio Rev. Code § 2307.71 (Count 5), punitive damages (Count 6) and loss of consortium (Count 8).

The trial commenced on October 1, 2018. A Jury of twelve was duly impaneled and sworn, and opening statements of counsel were made. Court was then adjourned until October 2, 2018 at 8:00 a.m.

The trial continued on October 2, 2018. Plaintiff called the following witnesses: (1) David Rosner (video Deposition); and (2) Dr. Joseph Guth. Court was adjourned until October 3, 2018 at 8:00 a.m.

The trial continued on October 3, 2018. Plaintiff called the following witnesses: (3) Dr. Murray Finkelstein; Honeywell Interrogatory Answers read into record; (4) Joel Cohen (video Deposition). Court was adjourned until October 4, 2018 at 8:00 a.m.

The trial continued on October 4, 2018. Plaintiff called the following witnesses: (5) Dr. Arnold Brody; (6) Dr. Carlos Bedrossian; and (7) Michael McCane (by video phone). Court was adjourned until October 5, 2018 at 8:00 a.m.

The trial continued on October 5, 2018. Plaintiff called the following witnesses: (8) Dr. Kirubel Tefera; (9) Julia Alexander; (10) Dr. Harvey Rosen; and (11) James Weber (written deposition). Court was adjourned until October 9, 2018 at 8:00 a.m.

The trial continued on October 9, 2018. Plaintiff called the following witnesses: (12) Ken Alexander. Plaintiffs rest. The Defendant reserves right to make a motion pursuant to Fed. R. Civ. P. 50. The Defendant called the following witness(es): (1) Gregory Bellopatrick (video deposition); (2) William Spade (video deposition); and (3) Dr. Supresh Moolgavkar. Court was adjourned until October 10, 2018 at 8:00 a.m.

The trial continued on October 10, 2018. Defendant called the following witnesses: (2) William Spade (video deposition continued and concluded); (4) Joel Charm (video deposition);

and (5) Dr. David Garabrant. Court was adjourned until October 11, 2018 at 8:00 a.m.

The trial continued on October 11, 2018. Defendant called the following witnesses: (4) Joel Charm (video deposition), continued; (6) Dr. James Crapo. Defendant rested. Plaintiffs called the following witness in rebuttal: (1) Ken Alexander. Plaintiffs rested. Court gave preliminary instructions of law to the Jury. Court was adjourned until October 12, 2018 at 8:00 a.m.

The trial continued on October 12, 2018. Final arguments of counsel were made. The Court gave final instructions of law to the Jury and the Jury retired to deliberate.

The Jury, in open court, with all counsel present, returned the following unanimous Interrogatory Answer:

### INTERROGATORY ONE:
### PLAINTIFFS' PRODUCT LIABILITY CLAIMS

Do you find that the Plaintiffs have proven by a preponderance of the evidence that Julia Alexander's peritoneal mesothelioma and/or her colorectal cancer were caused by her exposure to asbestos? __NO__ (Enter "yes" or "no").

If you answered "yes," you should continue to Interrogatory Two. If you answered "no," your deliberations are complete and you should not answer any further Interrogatories.

The Court read the Answer to Interrogatory One in open court, and thereafter, the Court polled the Jury. Each Juror affirmatively responded to the correctness of the Answer. The Court accepted the Jury's Answer to Interrogatory One finding that Julia Alexander's colorectal cancer and/or peritoneal mesothelioma was not caused by her exposure to asbestos and the Jury was discharged.

THEREFORE, the Court enters Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in favor of the Defendant and against the Plaintiffs. All costs to Plaintiffs.

**IT IS SO ORDERED.**

*/s/ Donald C. Nugent*
**DONALD C. NUGENT**
**UNITED STATES DISTRICT JUDGE**

DATE: October 17, 2018